1  Jin Lew
   Michels & Watkins
2  11755 Wilshire Boulevard, Suite 1300
   Los Angeles, California 90025
3  (310) 444-1200
   (310) 444-1211 (fax)
4
   Attorneys for Harry A. Ortiz, Jr., a minor,
5  by and through his Guardian Ad Litem,
   Araceli Cervantes Ortiz
6



7

8                   UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  Harry A. Ortiz, Jr., a minor, by and through       Case No. CIV F-03-6541 AWI/SMS
    his Guardian ad Litem, Araceli Cervantes
12  Ortiz                                              ORDER DIRECTING PAYMENT OF
                                                       PORTION OF SETTLEMENT PROCEEDS
13  vs.                                                TO SPECIAL NEEDS TRUST FOR THE
                                                       BENEFIT OF HARRY A. ORTIZ, JR.
14  United States of America and Doctors
    Medical Center
15

16          The Petition for an Order Directing Payment of a Portion of Settlement Proceeds to,

17  and Establishment of a Special Needs Trust for the Benefit of minor plaintiff Harry A. Ortiz, Jr.,

18  (the Petition), brought by Petitioner, Araceli Cervantes Ortiz, Guardian ad Litem for Harry A.

19  Ortiz, Jr., came on regularly for hearing on _July 27_, 2007, before the

20  Honorable Sandra M. Snyder, United States Magistrate Judge Presiding.  Petitioner was

21  represented by the Law Offices of Michels & Watkins, by Jin Lew.  ~~Defendants United States of~~

22  ~~America and Tenet HealthSystem Hospitals, Inc., dba Doctors Medical Center (hereinafter Doctors~~

23  ~~Medical Center) have notified that Court that they have no interest in the resolution of the petition~~

24  ~~and therefore requested that they be excused from responding to the petition and appearing at the~~

25  ~~hearing.  For good cause being shown, the defendants have been excused from either responding to~~

26  ~~the petition or appearing on this hearing.~~

27                                            1

28

1          The Court having considered the verified Petition, and good cause appearing from

2 the facts set forth therein, IT IS DETERMINED, ADJUDGED AND DECREED AS FOLLOWS:

3          1.      The settlement of this action, which has been approved by separate Order of

4 this Court, provides for the total payment of $1,475,000 (representing $1,450,000 from the United

5 States of America and $25,000 from Doctors Medical Center), hereinafter "settlement funds," in

6 consideration of a dismissal with prejudice and a full release from all plaintiffs. The Order

7 approving settlement also approved the allocation and payment of $653.430.28 from the settlement

8 funds towards fees, expenses, liens and other valuable consideration, leaving a remainder of

9 $571,569.72. The Petition seeks, and this Court approves, the following allocation of the

10 remaining settlement funds:

11          A.      $567,169.72 for the Special Needs Trust to benefit minor plaintiff Harry

12                  A. Ortiz, Jr.; and

13          B.      $4,400.00 to John A. Payne, Jr., for the preparation of the Special Needs

14                  Trust (to be paid from the Doctors Medical Center's portion of the

15                  settlement).

16                  Total: $571,569.72

17          2.      The Guardian Ad Litem is authorized to execute full releases, dismissals

18 with prejudice, and any other appropriate documents to effectuate the above.

19          3.      The establishment of the Harry A. Ortiz, Jr., Special Needs Trust (the

20 "Trust") is in the best interests of Harry A. Ortiz, Jr., all of its terms and provisions are approved,

21 and the Trust is authorized under the provisions of Probate Code Sections 3600 et seq. Wells

22 Fargo Bank is appointed Trustee of the Trust, and is authorized to execute the Trust. The net

23 proceeds of the settlement attributable to Harry A. Ortiz, Jr., in the amount of $567,169.72 shall be

24 paid to Wells Fargo Bank, as Trustee of the Trust.

25          4.      Harry A. Ortiz, Jr., has a disability that substantially impairs his ability to

26 provide for his own care or custody and constitutes a substantial handicap. Harry A. Ortiz, Jr., is

27

28

1  likely to have special needs that will not be met without the Trust.  They money to be paid to the

2  Trust does not exceed the amount that appears reasonably necessary to meet the special needs of

3  Harry A. Ortiz, Jr..

4        5.    The Trust shall be subject to the provisions and requirements of California

5  Probate Code Sections 3604 and 3605.

6        6.    The Trust shall be subject to the continuing jurisdiction of the Superior

7  Court for the County of Fresno.  Court accountings shall be filed by the Trustee at the end of the

8  first year of administration, and biennially thereafter, unless earlier requested by the Trustee or

9  other interested parties.  The compensation of the Trustee is subject to review and determination

10  by the Court, but the Trustee is authorized to make periodic payments to itself on account in the

11  amount specified in its special needs trust fee schedule in existence from time to time.  The

12  Trustee may pay agents and advisors and other expenses, except that compensation paid to the

13  Trustee's attorneys shall be subject to prior Court approval.   Pursuant to Probate Code § 2574(c)

14  and Financial Code § 1561.1, the trustee may invest in mutual funds, including proprietary mutual

15  funds.

16        7.    All statutory liens in favor of the State Department of Health Services, the

17  State Department of Mental Health, the State Department of Developmental Services, and any

18  county and city and county in this state shall first be satisfied before payment to the Trust.

19

20

21  Dated:  __8/29/07__

22      SANDRA M. SNYDER
       UNITED STATES MAGISTRATE JUDGE

23

24

25

26

27  3

28